**Francisco DIAZ–GUTIERREZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–75700.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 22, 2007.

Francisco Diaz–Gutierrez, Wilmington, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Genevieve Holm, Esq., Hillel Smith, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Francisco Diaz–Gutierrez, a native and citizen of Honduras, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir.2001) (en banc), and we deny the petition for review.

The BIA did not abuse its discretion when it found that Diaz–Gutierrez's motion to reopen, filed over a year after the BIA's final order of removal, was time-barred. *See* 8 C.F.R. § 1003.2(c)(2) (90–day limit).

Diaz–Gutierrez contends that an exception recognized in *Khourassany v. INS*, 208 F.3d 1096 (9th Cir.2000), applies to his motion because he seeks to apply for protection under the Convention Against Torture ("CAT"). *See id.* at 1099 (providing exceptions to time limits for petitioners whose removal orders had become final before CAT protection was available).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Diaz–Gutierrez's contention fails because, in his case, the final order of removal was not entered by March 22, 1999, and he did not file his motion by June 21, 1999. *See id.; see also* 8 C.F.R. § 208.18(b). He also contends that his motion was not time-barred because he established changed country conditions in Mexico, but the record indicates that he is a native and citizen of Honduras and was ordered removed to Honduras, not Mexico.

**PETITION FOR REVIEW DENIED.**